UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MONICA TUTUWAA and DAVID CONDUAH,

                Plaintiffs,

-against-

EAST TN LOGISTICS, LLC and JIM LAKE,

                Defendants.

------------------------------------------------------------------x

**VERIFIED ANSWER**

08 CIV. 6248 (KMK) (GAY)
**ECF Case**
**Defendants Demand Trial By Jury**

Defendants, East TN Logistics, LLC and Jim Lake, by their attorneys, Goldstein & Avrutine, as and for their verified answer to plaintiffs' complaint, allege herein, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. Deny, in the form alleged, each and every allegation contained in paragraph 1 of the complaint, except admit that East TN Logistics, LLC was a foreign corporation and, on 3/13/08, it was doing business in the State of New York.

2. Deny, in the form alleged, each and every allegation contained in paragraph 2 of the complaint, except admit that, on 3/13/08, East TN Logistics was the owner of a certain motor vehicle bearing plate number 50456HZ, Tennessee.

3. Deny, in the form alleged, each and every allegation contained in paragraph 3 of the complaint, except admit that, on 3/13/08, defendant Jim Lake was the operator of the aforementioned vehicle and operated same with the consent and permission of its owner.

4. Deny, in the form alleged, each and every allegation contained in paragraph 4 of the complaint, except admit that, on 3/13/08, defendant Jim Lake was employed by defendant East TN Logistics, LLC and acted within the scope and authority of his employment and for the benefit of his employer.

5. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 5 of the complaint.

6. Admit each and every allegation contained in paragraph 6 of the complaint.

7. Deny each and every allegation contained in paragraphs 7 and 8 of the complaint.

8. Deny, in the form alleged, each and every allegation contained in paragraphs 9 and 10 of the complaint, and respectfully refers all questions of law to this Honorable Court.

## AS AND FOR A SECOND CAUSE OF ACTION

9. In response to paragraph 11 of the complaint, these answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 10 of plaintiffs' complaint as if fully set forth at length herein.

10. Deny each and every allegation contained in paragraph 12 of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

11. In response to paragraph 13 of the complaint, these answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 12 of plaintiffs' complaint as if fully set forth at

length herein.

12. Deny each and every allegation contained in paragraph 14 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The injuries of the plaintiffs were caused in whole or in part by the culpable conduct of the plaintiff which either bars the claims completely or diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. The answering defendants responsibility, if any, and which is hereby denied, is less than 50% of any responsibility attributable to any tort-feasor who is or may be responsible for the happening of plaintiff's alleged accident, whether or not a party hereto, and, as such, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Plaintiffs' damages, if any, are and will be barred, diminished and/or subrogated by any and all collateral source payments obtained pursuant to CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Plaintiff was not wearing a seat belt at the time of the alleged occurrence and, accordingly, any award made to and accepted by the plaintiff for any injuries set forth in the complaint must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed to by plaintiff's failure to wear

his seat belt in the case of <u>Spier v. Baker</u>, decided December 20, 1974, by the Court of Appeals of the State of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Plaintiffs failed to sustain serious injuries as defined in Sections 5101 et seq. of the New York Insurance Law and have no right of recovery pursuant to those sections of the New York Insurance Law.

WHEREFORE, these answering defendants demand judgment dismissing plaintiffs' complaint herein, together with the costs, disbursements and legal fees incurred in the defense of this action.

Dated:  Syosset, New York
        July 24, 2008

Yours, etc.,

Goldstein & Avrutine
Attorneys for Defendants

By: _____
Steven R. Goldstein (1850)
575 Underhill Boulevard, Suite 140
Syosset, New York 11791
(516) 677-9400

To: James Newman, Esq.
    Attorney for Plaintiffs
    2815 Waterbury Avenue
    Bronx, New York 10461
    718-823-3122

## **VERIFICATION**

Steven R. Goldstein, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalty of perjury.

I am the attorney for the defendants herein.

I have read the foregoing Answer and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

The source of my information and the grounds for my belief are communications and correspondence with the defendants.

This verification is being made by me because defendants do not reside or maintain an office in the county where I maintain my office.

Dated: Syosset, New York
July 24, 2008

_____
Steven R. Goldstein (1850)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

**Judith Saltzman**, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age, and resides at **County of Nassau, New York.** That on the 24 day of **July, 2008**, deponent served the within **Verified Answer** upon:

James Newman, Esq.
Attorney for Plaintiffs
2815 Waterbury Avenue
Bronx, New York 10461

by mail at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Judith Saltzman

Sworn to before me this
____ day of **July, 2008**


_____
STEVEN R. GOLDSTEIN
Notary Public, State of New York
No. 5000365
Qualified in Suffolk County
Commission Expires August 10, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONICA TUTUWAA and DAVID CONDUAH,

                       Plaintiffs,

                                          08 CIV. 6248 (KMK) (GAY)

-against-

EAST TN LOGISTICS, LLC and JIM LAKE,

                       Defendants.

---

## VERIFIED ANSWER

---

GOLDSTEIN & AVRUTINE
Attorneys for Defendants
575 Underhill Boulevard
Suite 140
Syosset, New York  11791
(516) 677-9400

---

TO: ALL PARTIES

---